UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEONARD SCHWALBACH, | |
| Plaintiff, | No. |
| v. | Hon. |
| ISOMEDIX OPERATIONS, INC. and COSMED GROUP, INC., | NOTICE OF REMOVAL |
| Defendants, | |
| VANTAGE SPECIALTY CHEMICALS, INC., MEDLINE INDUSTRIES, INC., MEDLINE INDUSTRIES, L.P., CHARLES N. MILLS, and JAMES D. ABRAMS, | |
| Nominal Defendants. | |

**TO THE HONORABLE CLERK OF THE ABOVE ENTITLED COURT:**

PLEASE TAKE NOTICE THAT Defendant Isomedix Operations, Inc. ("Isomedix"), by and through counsel, hereby removes *Schwalbach v. Isomedix Operations, Inc., et al.*, No. 2023-L-009561, from the Circuit Court of Cook County, Illinois (the "State Court Action") to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1332(a), 1441(a), and 1446. In support of this Notice, Isomedix shows the Court as follows:

**I.     BACKGROUND AND AMOUNT IN CONTROVERSY**

1. On September 19, 2023, Plaintiff filed the State Court Action, Case No. 2023-L-009561, in the Circuit Court of Cook County, Illinois against Medline Industries, Inc., Medline Industries, L.P., Charles N. Mills, James D. Abrams, (collectively, the "Medline Defendants"),

Isomedix, Cosmed Group, Inc. ("Cosmed"), and Vantage Specialty Chemicals, Inc. ("Vantage").

2. The Complaint purports to assert common law claims for negligence, willful and wanton conduct, public nuisance, and ultrahazardous activity/strict liability against Defendant Isomedix.

3. The amount in controversy in this matter exceeds $75,000.

4. For each of Plaintiff's four asserted claims, Plaintiff seeks to recover "in an amount in excess of the minimum amount required for jurisdiction in the Law Division of the Circuit Court of Cook County, Illinois," which is $30,000. *See* Compl. ¶¶ 84, 88, 99, 107; Cir. Ct. of Cook Cnty. State of Ill., Law Division, https://www.cookcountycourt.org/division/law-division (last visited Apr. 29, 2024) (stating that the "Law Division hears civil suits for recovery of monetary damages in excess of $30,000 in the city of Chicago"). Accordingly, Plaintiff seeks a minimum of $120,000 from each Defendant. *See* 28 U.S.C. § 1332(a).

5. The value of Plaintiff's claims can also be aggregated because Plaintiff may seek to hold Defendants jointly and severally liable for their alleged conduct. *See* 735 Ill. Comp. Stat. 5/2-1117; 735 Ill. Comp. Stat. 5/2-1118; *see also, e.g.*, *Am. Standard Ins. Co. v. Rogers*, 123 F. Supp. 2d 461, 466 (S.D. Ind. 2000).

## II. DIVERSITY OF CITIZENSHIP

6. Upon information and belief, Plaintiff is a citizen of Illinois. Compl. ¶ 15.

7. Isomedix is incorporated under the laws of the State of Delaware with a principal place of business in Ohio. As such, it is a citizen of Delaware and Ohio. *See* Compl. ¶ 19.

8. Upon information and belief, Vantage is incorporated under the laws of the State of Delaware with a principal place of business in Illinois. As such, it is a citizen of Delaware and Illinois. *See* Compl. ¶ 16.

9. Upon information and belief, Cosmed is incorporated under the laws of the State of Delaware with a principal place of business in Rhode Island. *See* Compl. ¶ 20.

10. Upon information and belief, Medline Industries, L.P., is a limited partnership with at least one partner who is a citizen of Illinois. As such, Medline Industries, L.P., is a citizen of Illinois. *See* Compl. ¶ 17.

11. Upon information and belief, Charles N. Mills and James D. Abrams are citizens of Illinois. *See* Compl. ¶ 18.

**III. EVENTS GIVING RISE TO REMOVAL**

12. On March 11, 2024, Plaintiff's counsel and counsel for the Medline Defendants entered into a binding settlement agreement to resolve all of Plaintiff's claims against the Medline Defendants, including Plaintiff's claims here. *See also* Unopposed Motion to Appoint Cathy Yanni of JAMS as Allocation Neutral of the Medline Settlement, at 1, *In re Medline EtO Release Litigation*, No. 2023-L-000686 (filed July 2, 2024) (attached hereto as Exhibit 5).

13. The Medline Defendants are therefore settled defendants and nominal parties whose presence is disregarded for purposes of removal.

14. On July 2, 2024, Plaintiff's counsel and Vantage's counsel announced a binding global settlement agreement intended to resolve hundreds of plaintiffs' claims against Vantage, including Plaintiff's claims here. Unopposed Motion to Appoint Cathy Yanni of JAMS as Allocation Neutral of the Vantage Settlement, at 1, *In re Medline EtO Release Litigation*, No. 2023-L-000686 (filed July 2, 2024) (attached hereto as Exhibit 6).

15. Vantage is therefore a settled defendant and a nominal party whose presence is disregarded for purposes of removal.

16. The settlement agreements referenced in paragraphs 12 and 13 are characterized

by Plaintiff's counsel as "binding" agreements applicable to Plaintiff and hundreds of other plaintiffs, which resolve all such plaintiffs' claims against Vantage and the Medline Defendants.

17. On July 17, 2024, the Honorable John Ehrlich of the Cook County, Illinois Circuit Court found on the record that, on the basis of statements regarding the binding settlement agreements discussed herein, Vantage and the Medline Defendants are "nominal defendants only and in name only." (*See* 2024-07-17 Hr'g Tr. (attached hereto as Exhibit 7).) The Court determined Vantage and the Medline Defendants are "solely here for the purposes of the settlement." Thus, the only remaining Defendants in this action are Cosmed and Isomedix, both foreign corporations.

18. Accordingly, the Circuit Court's July 17, 2024 findings create complete diversity between the Plaintiff and Defendants. *See* 28 U.S.C. § 1332(a)(1).

## IV. COMPLIANCE WITH STATUTORY REQUIREMENTS

19. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because of diversity of citizenship of the parties and the matter in controversy exceeding the sum or value of $75,000.

20. Isomedix's removal of this action is timely because this Notice of Removal is filed within thirty days after receipt of the certified copy of the transcript of proceedings from July 17, 2024, "from which it may first be ascertained that the case is one which is or has become removable." *See* 28 U.S.C. § 1446(b)(3).

21. In accordance with 28 U.S.C. § 1446(b)(2), Cosmed joins in and consents to the removal of this action. A true and correct copy of Cosmed's Joinder and Consent to Removal is attached hereto as Exhibit 1.

22. In accordance with 28 U.S.C. § 1446(a), true and correct copies of the Summons,

Complaint, and all other process, pleadings, and orders served upon Defendants are attached hereto as Exhibits 2, 3, and 4, respectively.

23. This Notice of Removal is properly filed in this District and Division because the Circuit Court of Cook County, Illinois is located within the Northern District of Illinois, Eastern Division. *See* 28 U.S.C. §§ 1441(a), 1446(a).

24. In accordance with 28 U.S.C. § 1446(d), Isomedix will promptly provide written notice of removal of the State Court Action to Plaintiff, and will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois.

25. Isomedix's Rule 7.1 Corporate Disclosure Statement and Local Rule 3.2 Notification as to Affiliates Statement will be filed contemporaneously with this Notice of Removal.

26. Therefore, this case may be removed to federal court because it is a civil action wherein the amount in controversy, as alleged by Plaintiff, exceeds the sum of $75,000 exclusive of interest and costs, and Plaintiff and the non-nominal Defendants are "[c]itizens of different states." 28 U.S.C. § 1332(a)(1). This case thus meets all requirements for removal and is timely and properly removed for the filing of this Notice.

Dated:  July 25, 2024

*/s/ Alexander W. Prunka*
Philip M. Oliss
Alexander W. Prunka
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Email:  poliss@jonesday.com
Email: aprunka@jonesday.com

Erica E. Duff
JONES DAY
110 N. Wacker Drive, Suite 4800
Chicago, Illinois 60606
Telephone:  (312) 782-3939
eduff@jonesday.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 25, 2024, I caused the foregoing **NOTICE OF REMOVAL** to be served via electronic mail on all of the following:

Jay Edelson
Benjamin H. Richman
Amy Hausmann
Hannah Hilligoss
Schuyler Daum
Dan Kiesselstein
Nick Rosinia
Victor Cedeño
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, IL 60654
jedelson@edelson.com
brichman@edelson.com
abhausmann@edelson.com
hhilligoss@edelson.com
sdaum@edelson.com
dkieselstein@edelson.com
nrosinia@edelson.com
vcedeno@edelson.com

Brandt Silver-Korn
Todd Logan
Lauren Blazing
EDELSON PC
150 California Street, 18th Floor
San Francisco, California 94111
bsilverkorn@edelson.com
tlogan@edelson.com
lblazing@edelson.com

Bryce Hensley
Stinar Gould Grieco & Hensley
101 N Wacker Drive
Suite 100
Chicago , IL 60606
bryce@sgghlaw.com

*Counsel for Plaintiff*

Gregory Dovel
greg@dovel.com
Julien Adams
julien@dovel.com
Alexander Erwig
alexander@dovel.com
DOVEL & LUNER
201 Santa Monica Boulevard, Suite 600
Santa Monica, CA 90401

*Counsel for Plaintiff*


Charles M. Gering
Anthony Pesce
Jeremy Kogan
Pedersen & Houpt, P.C.
161 North Clark Street, Suite 2700
Chicago, Illinois 60601
cgering@pedersenhoupt.com
apesce@pedersenhoupt.com
jkogan@pedersenhoupt.com

*Counsel for Cosmed Group, Inc.*




*/s/ Alexander W. Prunka*
*Counsel for Isomedix Operations, Inc.*